**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID MARESCA, *et al.*,<br><br>*Defendants.* | Case No. 1:23-cr-123 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Defendant David Maresca moves to dismiss Counts 18 and 19 in the criminal case against him. Dkt. 272. Maresca and three others are charged in a nineteen-count indictment.[1] Dkt. 1 (Indictment). Most of the charges concern an alleged "scheme to defraud distressed homeowners by falsely representing that [the defendants] would provide legal services that would help the homeowners save their homes," when, "[i]n truth and in fact, the defendants did not provide legal services as promised." *Id.* at 3 (Indictment ¶ 7). The government alleges that Maresca and his co-defendants carried out the scheme under the guise of two fraudulent law firms: Synergy Law LLC ("Synergy Law") and Themis Law PLLC ("Themis Law"). *Id.* at 4–8 (Indictment ¶ 10). Synergy and Themis Law allegedly masqueraded as D.C.-based law firms but, according to the government, merely operated call centers in Virginia providing no actual legal services. *Id.*

Counts 18 and 19 do not concern the alleged defrauding of homeowners. Instead, they charge Maresca with falsifying records in proceedings in the United States Bankruptcy Court for

[1] One of the three defendants, Terrylle Blackstone, has pled guilty to conspiracy to commit mail or wire fraud in violation of 18 U.S.C. § 371. Dkt. 55. The other two are Scott Marinelli and Sam Babbs III, both of whom have entered pleas of not guilty. Neither is charged in the counts at issue in the pending motion.

the District of Columbia on behalf of Synergy Law, in violation of 18 U.S.C. § 1519. *Id*. at 12–13 (Indictment ¶ 19–20). Maresca has moved to dismiss Counts 18 and 19 for lack of venue, relying on the Supreme Court's recent decision in *Abouammo v. United States*, 608 U.S. 597 (2026). Dkt. 272. For the reasons that follow, the Court will **GRANT** the motion and will dismiss Counts 18 and 19 for lack of venue.

## I. BACKGROUND

Counts 18 and 19 charge Maresca with "Falsification of Records in Bankruptcy, in violation of 18 U.S.C. § 1519." Dkt. 1 at 13 (Indictment ¶ 20). Section 1519 provides, in pertinent part, that it is a crime to "knowingly . . . falsif[y] . . . any record . . . with the intent to impeded, obstruct, or influence the investigation or proper administration" of a Title 11 bankruptcy proceeding. 18 U.S.C. § 1519.

The government alleges that Maresca did so through his attorney on two separate occasions. The first was on October 15, 2019, when Maresca caused his attorney to file a Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Form 207) on behalf of Synergy Law. Dkt. 1 at 13 (Indictment ¶ 20); Dkt. 275 at 1. The Bankruptcy Court docketed the form as docket entry number 40 ("Document 40"). Dkt. 275 at 1; *see In re Synergy Law LLC*, No. 19-0055-SMT. Then on January 21, 2020, Maresca directed his attorney to file an amended version of the same document, this time docketed as docket entry number 88 ("Document 88"). Dkt. 275 at 2; *see In re Synergy Law LLC*, No. 19-0055-SMT. The government alleges that both Documents 40 and 88 included a false entry in response to Question 13 of Form 207. Dkt. 275 at 3; Dkt. 1 at 13 (Indictment ¶ 20).

The attorney who represented Synergy Law in bankruptcy proceedings, Jeffrey Sherman, testified before the grand jury regarding the filing of the documents in question. Sherman

explained that before generating an electronic signature, a filer must first obtain "an actually physically signed version" of the document to be filed. Dkt. 275 at 4; Dkt. 279-2 at 22 (Grand Jury Tr. at 21:21–22, Feb 2, 2023). Accordingly, before electronically filing both Documents, Sherman first obtained Maresca's wet signature on physical copies of the documents. Sherman testified that he obtained Maresca's signature "in [Maresca's] office in Manassas[,] [Virginia,] sometime within a couple of days prior to the filing." Dkt. 275 at 4; Dkt. 279-2 at 22–23 (Grand Jury Tr. at 21:23–22:5, Feb 2, 2023). Although given ample opportunity, the government has failed to provide any evidence that either Maresca or his attorney were present within the District at the time of the electronic filing. In fact, the available testimony suggests that Sherman likely completed the filing from Virginia. He testified that at the time of the bankruptcy filings, he was "working out of [his] home" and "working for Themis in the offices that Synergy used to occupy" in Virginia. Dkt. 279-2 at 4–5, 34 (Grand Jury Tr. at 3:25–4:1, 33:4–10, Feb 2, 2023).

The government nonetheless argues that venue is proper in this district because the documents were filed in the Bankruptcy Court, which sits within the District of Columbia. Dkt. 275 at 5–7.

## II. ANALYSIS

### A. Venue After *Abouammo*

"[T]he Constitution not once but twice safeguards the defendant's venue right." *Abouammo*, 608 U.S. at 602 (citation modified); *see also* U.S. Const. art. III, § 2, cl. 3 ("Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."); U.S. Const. amend. VI (securing the right of criminal defendants to trial by a jury "of the State and district wherein the crime shall have been committed").

The government must therefore establish that "venue is proper with respect to each count charged against the defendant." *United States v. Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004).

In deciding questions of venue, a court must first "identify the conduct constituting the offense" and then determine where such acts occurred. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Dismissal of charges before trial for improper venue is appropriate when "the reasonably available evidence shows that the government could not prove by a preponderance of the evidence that the charged offenses occurred" in the jurisdiction where the crime is charged. *United States v. El-Saadi*, 549 F. Supp. 3d 148, 157 n.4 (D.D.C. 2021) (citation modified).

In *Abouammo*, the Supreme Court addressed venue under the same criminal statute at issue here. In that case, two San Francisco-based FBI agents traveled to Seattle to interview Abouammo as part of an ongoing investigation. 608 U.S. at 600. During the interview, Abouammo told the agents that he would retrieve an invoice from his upstairs computer to corroborate his statements. *Id.* When Abouammo went upstairs to do so, he created a false invoice and emailed it to one of the agents. *Id.* Upon returning to San Francisco, the agents examined the metadata of the false invoice and discovered Abouammo's deception. *Id.* Abouammo was indicted in the Northern District of California for falsifying a record in violation of 18 U.S.C. § 1519, and moved to dismiss for improper venue. *Id.* at 600–01. The district court denied the motion, and the Ninth Circuit affirmed. *Id.* at 601.

The Supreme Court unanimously reversed, concluding that "the venue for trying a § 1519 offense must be where a document's falsification happened." *Id.* at 604. This is because, the Court reasoned, the "only prohibited act in that statute is the falsification of the document." *Id.* In Abouammo's case, that meant that "venue must be in the district encompassing Seattle, where Abouammo created the false invoice." *Id.* It was "immaterial," the Court reasoned, that "Abouammo's false invoice reached California," just as it was "immaterial" that he had "acted 'with the intent' to obstruct an investigation across state lines." *Id.* at 605 (quoting *United States*

*v. Johnson*, 323 U.S. 273, 277 (1943)). What mattered was that "Abouammo's 'crime [was] complete' in Washington, so that is where he had to be tried." *Id.* at 605–06 (quoting *Johnson*, 323 U.S. at 277).

**B. Venue is Not Proper in the District of Columbia**

Applying that reasoning here, Maresca argues that his alleged violation of § 1519 was complete when he "signed the relevant bankruptcy forms given to him by Mr. Sherman." Dkt. 272 at 3. Because the available evidence indicates that Maresca did so in Virginia, Maresca asserts, venue cannot be proper here in this district. *Id.*

That argument reaches the right outcome, but not for the right reasons. As the government's subsequent briefing makes clear, the government does not seek to rely upon Maresca's signing of the physical documents as the basis for venue but, rather, upon the filing by his attorney of those documents with the Bankruptcy Court in the District of Columbia. *See* Dkt. 275 at 5. Consistent with *Abouammo*, the government does not dispute that Maresca's alleged signing of the physical documents in Virginia suffices to establish venue in *that* jurisdiction; the government instead asserts that venue is also appropriate in *this* district based on distinct acts alleged to have occurred here. *See id.* at 7 ("The wet signature was part of a two-part process that was started in the Eastern District of Virginia and completed in the District of Columbia; thus venue could be proper in either jurisdiction."). Specifically, the government asserts that Maresca, having already signed allegedly fraudulent hard copies in Virginia, then "caused Documents 40 and 88 to be falsified in Washington, D.C." when he directed his attorney to submit the fraudulent forms to the Bankruptcy Court via electronic filing. *Id.*

On its face, the government's view that a case might involve multiple acts of falsification in multiple districts is not foreclosed by the logic of *Abouammo.* Nothing in *Abouammo* says that a defendant may not violate § 1519 more than once or in more than one jurisdiction.

Consistent with *Abouammo,* it is possible that a defendant, having already created one false document, might use that false document to create another one in a subsequent act of falsification. *See Abouammo*, 608 U.S. at 603 (noting that "[s]ometimes [the venue] inquiry points to more than one [district], because the proscribed acts happen in multiple locations").

Here, however, the government's argument fails because it has not identified any proscribed acts that allegedly occurred within the District of Columbia. As noted above, the government has failed to proffer any evidence that either Maresca or his attorney were present in the District when they filed (or caused to be filed) the Documents in the Bankruptcy Court. At argument on August 27, 2026, the Court offered the government a further opportunity, until September 3, 2026, to file additional evidence as to conduct occurring within Washington, D.C. *See* Dkt. 291 at 58–59. The government, however, declined to do so. *See* Dkt. 296 at 1. The government accordingly does not (and cannot) rely upon the act of *filing* within the District as a basis for venue.

The government instead presses a novel and unpersuasive theory of venue that relies entirely upon what happened to the Documents after Maresca's attorney submitted them to the Bankruptcy Court. Specifically, the government relies upon the post-filing creation of a version of the Documents bearing Electronic Court Filing ("ECF") headers. Seeking to clarify the government's position, the Court asked at argument if the government contends that, "when [the document] was filed, it became a new document because . . . an ECF number . . . was stamped on it?" Dkt. 291 at 48. The government responded, "Yes, that's correct, it's the one with the ECF stamping." *Id.*

This argument fails as a matter of law and fact. First, as a factual matter, the government offers no evidence that the servers that generate ECF-stamped versions of filed documents reside

in the District. As a result, even if the Court were to accept that an ECF stamping suffices to create a new "falsifie[d] . . . record" for purposes of § 1519, the "reasonably available evidence" would still not show that the government could "prove by a preponderance of the evidence" that venue is proper within the District. *El-Saadi*, 549 F. Supp. 3d at 157 n.4.

Second, and more fundamentally, the argument fails as a matter of law because the mere addition of an ECF header—even if added in this district—is insufficient to establish venue under § 1519. *Abouammo* held that venue is appropriate only if "falsification happened" within the district. 608 U.S. at 604. The addition of an ECF header—or, generously formulated, the creation of a new version of a document bearing an ECF header—does not constitute an act of "falsification," much less an act of falsification effectuated by or on behalf of the defendant. To *falsify* is "to make false by mutilation or addition" or to "represent falsely." Webster's Third New International Dictionary at 820 (1993). The generation of an ECF-labeled version of a document represents, at most, the duplication of the previously falsified document. *Accord* Dkt. 277 at 4. The addition of the header is the functional equivalent of a date-and-time stamp; it does not "make false" or "represent falsely."

The facts and reasoning of *Abouammo* are again illustrative. Because Abouammo created the false invoice in Seattle, the Court concluded that venue properly lay in the Western District of Washington. 608 U.S. at 607. The Court concluded that it was "immaterial . . . that Abouammo's false invoice" later "reached California." *Id.* at 605. Nor did it matter what the FBI agents in California did with the invoice after receiving it. The Court made no inquiry as to whether the FBI agents printed, duplicated, or stamped copies of the false invoice in any way. That is because date-stamping or copying a false document by an independent third party—be it an FBI agent or a court—does not constitute a distinct act of falsification. Section § 1519 makes

it a crime to falsify a record, not to copy or mark a previously falsified record. Thus even if the government could show that the ECF headers were added on servers residing within the District of Columbia, that would not suffice to establish venue within the District.

## III. CONCLUSION

The Court, accordingly, concludes that the government's theory of venue fails as a matter of fact and law. *See Morgan*, 393 F.3d at 195. Maresca's motion to dismiss Counts 18 and 19, Dkt. 272, is therefore **GRANTED.**

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 29, 2026